IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 CR 167-1 |
| vs. | ) | |
| | ) | Judge Virginia M. Kendall |
| JAMES VANI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT JAMES VANI'S
MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL**

NOW COMES defendant James Vani, by his attorney John M. Beal, and moves this Court, pursuant to Fed. R. Crim. P. 29(c) and 33, to enter a judgment of acquittal after verdict in favor of defendant Vani on Count One and Two of the Indictment, or, in the alternative, to grant defendant Vani a new trial, and in support thereof states as follows:

1. Defendant Vani was found guilty by the jury of Counts One and Two of the Indictment in this case.

2. The Court rules on a post-trial motion by viewing the evidence in the light most favorable to the government. However, the Seventh Circuit has recognized that the "sufficiency of the evidence standard does not require the defendant to demonstrate that no evidence at all supports the conviction, but rather that the evidence cannot support a finding of guilt beyond a reasonable doubt." *United States v. Rahman*, 34 F.3d 1331, 1337 (7th Cir. 1994). Indeed, the Supreme Court has stated that "it could not seriously be argued that... a

'modicum' of evidence could by itself rationally support a conviction beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 320 (1979). Thus, what the defendant must show the court is that the evidence does not support a finding of guilt beyond a reasonable doubt, and the government cannot satisfy its burden with a "mere modicum" of evidence.

    3. A reasonable jury could not have found defendant Vani guilty beyond a reasonable doubt based upon the evidence admitted at trial. The case against defendant Vani involved mortgages obtained at the behest of, and with information provided by, unindicted co-conspirator Olanrewaju Okalaja, who was himself a licensed loan officer. The government did not prove defendant Vani's actual knowledge of the falsity of any material statements relating to the mortgage loan applications. As a result, the jury could have arrived at a verdict of guilty only through speculation. A verdict cannot properly be based upon such speculation. *United States v. Howard*, 179 F.3d 539, 542 (7th Cir. 1999); *United States v. Herberman*, 583 F.2d 222, 231 (5th Cir. 1978).

    4. The Court further erroneously granted the government's motion to bar the testimony of defendant's proposed expert Neill Fendly. Fendly's proposed testimony about industry-wide mortgage practices would have corroborated Vani's own testimony about how he had learned to, and did, process mortgage loan applications.

    5. The Court further erroneously allowed the admission of defendant's

statements in the government's case in chief. The statements, coming after any scheme or conspiracy had ended, constituted hearsay. At best a small portion of the statements constituted true admissions. Consequently, allowing the totality of the statements that were actually introduced in evidence was error.

      6. The Court also erroneously limited the testimony of defendant Vani's character witnesses. The excluded portions of the witnesses' intended testimony, which would have provided important context for the witnesses' opinions as to the defendant's character and/or reputation, was erroneously barred.

      7. Finally, the Court erroneously gave the government's proposed jury instruction on materiality and refused the defendant's proposed instruction on that issue. The controlling law on this question is the United States Supreme Court case of *Kungys v. United States*, 485 U.S. 759, 771-2 (1988). The defendant's proposed instruction, which carefully tracks *Kungys*, was denied in favor of the government's instruction. The standard in the government's instruction that a statement is material if it "is capable of influencing the decision of the person to whom it is addressed," has the effect of reducing the government's burden on this issue to the point of meaninglessness.

      WHEREFORE defendant Vani, for the reasons set forth in this motion, prays that this Court enter a judgment of acquittal in his favor on Counts One

and Two of the Indictment, or, in the alternative, grant him a new trial.

                                    Respectfully submitted,

                                    __S/ John M. Beal_____
                                    Attorney for Defendant

JOHN M. BEAL
Attorney at Law
53 W. Jackson Blvd. - Suite 1615
Chicago, IL 60604
(312) 408-2766

## CERTIFICATE OF SERVICE

      I, John M. Beal, attorney, certify that I caused **DEFENDANT JAMES VANI'S MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL** to be served on April 26, 2014, in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                    Executed on April 26, 2014

                                    __S/ John M. Beal_____
                                      John M. Beal